# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 16, 2014

## STATE OF TENNESSEE v. EMMETT LAMON ROSEMAN

**Direct Appeal from the Circuit Court for Marshall County**
**Nos. 12CR142, 12CR143, 13CR7, 13CR8, 13CR9    Lee Russell, Judge**

---

**No. M2013-02150-CCA-R3-CD - Filed August 19, 2014**

---

The appellant, Emmett Lamon Roseman, pled guilty to possession of marijuana, the sale of crack cocaine, the delivery of crack cocaine, and three counts of failure to appear. The trial court imposed a total effective sentence of twenty years in the Tennessee Department of Correction. On appeal, the appellant challenges the length of the sentences and the imposition of consecutive sentencing. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Michael Auffinger, Lewisburg, Tennessee, for the appellant, Emmett Lamon Roseman.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Robert James Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 13, 2013, the appellant pled guilty to possession of a Schedule VI controlled substance, namely marijuana, with the intent to sell, a Class E felony; to sale of a Schedule II controlled substance, namely crack cocaine, a Class B felony; and to delivery of a Schedule II controlled substance, namely crack cocaine, a Class B felony. The appellant pled guilty on a separate indictment to failure to appear on a statutory rape charge on January 15, 2013; to failure to appear on a charge of possession of a Schedule VI controlled substance with the intent to sell on January 8, 2013; and to failure to appear on a charge of

possession of a Schedule VI controlled substance with the intent to sell on December 19, 2012, all Class E felonies. The plea agreement provided that the trial court would determine the length and manner of service of sentence.

A transcript of the guilty plea hearing was not included in the record on appeal. However, the presentence report, which was introduced at the sentencing hearing, reflects that on January 12, 2011, members of the 17th Judicial District Drug Task Force and detectives with the Lewisburg Police Department utilized the services of a confidential informant (CI). The CI purchased $60 worth of marijuana from the appellant in the parking lot of an apartment building on Haynes Street in Lewisburg. After the transaction, the appellant returned to an apartment on the top left side of the building. The agents and detectives watched the building for one or two hours and noticed several individuals arrive and leave from the appellant's apartment. One of the individuals, who was stopped by Agent Brad Martin, possessed a small bag of marijuana. Officer Tim Miller decided to approach the apartment and perform a "knock-and-talk." He walked up the stairs, looked through the blinds, and saw the appellant and a young female in the living room. When Officer Miller knocked on the closed door, he saw the female grab a Ziploc bag from the couch and run toward the rear of the apartment. The bag appeared to contain a large amount of marijuana. The appellant answered the door, and Officer Miller walked down the hall where the female had gone. He noticed a light on in the bathroom off the hall. An empty Ziploc bag was lying on the floor and approximately three ounces of marijuana was floating on the water inside the toilet. The agents performed a consensual search of the appellant and found $450 of suspected illegal drug proceeds, including $60 from the controlled buy. A subsequent consensual search of the residence revealed two sets of digital scales in the master bedroom. The appellant spoke with the agents and acknowledged ownership of the marijuana and scales.

The presentence report further reflects that on October 19, 2011, Agent Brad Martin and Officer Tim Miller met with a CI, who told them that the appellant and Whitney Green were involved in the illegal distribution of cocaine. At approximately 7:04 p.m., the CI called Green and asked to buy $100 worth of crack cocaine. Around 7:21 p.m., Green sent the CI a text message, instructing him to meet her at Kris's Store. The appellant and Green arrived at the store in a red Ford Focus. The CI approached the car and had a "hand-to-hand exchange" with the appellant. Afterward, the CI rendezvoused with the agents and relinquished a small, white, plastic bag containing crack cocaine.

The presentence report also reflects that the appellant had two prior misdemeanor convictions for failure to appear; three convictions of assault; eight convictions of selling marijuana; four convictions of possessing marijuana; one conviction of disorderly conduct; and two convictions of possessing drug paraphernalia.

Renee Howell, a probation officer, testified that she prepared the appellant's presence report. She stated that the appellant previously had probationary sentences revoked on at least two occasions. She also stated that the appellant was on probation when he committed the three failure to appear offenses; however, he was not on probation when he committed the drug offenses.

On cross-examination, Howell said that when she spoke with the appellant, he indicated that he was trying to "turn his life around as best as he can." He told her that he was taking courses while he was incarcerated.

Regarding the conviction of possession of marijuana with the intent to sell, the parties agreed that the appellant was a Range II offender, that he was entitled to release eligibility after service of thirty-five percent of his sentence, and that he was subject to a sentence between two to four years. The parties also agreed that the appellant was a Range I offender on the crack cocaine conviction, that he was entitled to release eligibility after service of thirty percent of his sentence, and that he was subject to a sentence between eight to twelve years. Finally, the parties agreed that the appellant was a Range III offender for his convictions of failure to appear, that he was entitled to release eligibility after service of forty-five percent of his sentence, and that he was subject to a sentence between four to six years.

To each conviction, the court applied enhancement factor (1), that the appellant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114(1). The court specifically noted that it did not consider the felony offenses used to establish the appellant's sentencing range but considered his multitude of misdemeanor offenses. The court also applied enhancement factor (8), that the appellant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community, to all of the convictions. Id. at (8). The court noted that the appellant had previously violated probation on at least two occasions. Finally, the court applied enhancement factor (13)(C), that the appellant was on probation at the time he committed the offenses, to the failure to appear convictions. The court applied mitigating factor (1), that the appellant's criminal conduct neither caused nor threatened serious bodily injury, to all of the convictions. Tenn. Code Ann. § 40-35-113(1). However, the court did not afford the factor "significant weight." After considering the enhancement and mitigating factors, the trial court sentenced the appellant to three years for the marijuana conviction, ten years for the crack cocaine conviction, and five years for each of the three failure to appear convictions.

The court further found that consecutive sentencing was appropriate because the appellant is an offender whose record of criminal activity is extensive. Tenn. Code Ann. §

40-35-115(2). Additionally, the court found that consecutive sentencing was appropriate for the failure to appear convictions because the appellant committed the offenses while on probation. The court observed that the appellant was arguably a professional criminal, noting that it did not "see a lot of other alternative means of support other than illegal activities"; however, the court declined to impose consecutive sentencing on this basis. Id. at (1). The court ordered two of the appellant's failure to appear sentences to be served concurrently with each other but consecutively to the third failure to appear sentence. The court further ordered the sentences for the drug offenses to be served concurrently with each other but consecutively to the sentences for failure to appear, for a total effective sentence of twenty years.

On appeal, the appellant challenges the length of the sentences imposed by the trial court and the imposition of consecutive sentencing.

## II. Analysis

Initially, we note that the record does not contain a transcript of the appellant's guilty plea hearing. We have determined, however, that the record is adequate for appellate review of the sentence. See State v. Caudle, 388 S.W.3d 273, 279 (Tenn. 2012).

Our supreme court has held that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012). Our supreme court has further explicitly stated that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." Caudle, 388 S.W.3d at 278-79. Additionally, our supreme court has held "that the appropriate standard of appellate review for consecutive sentencing is abuse of discretion accompanied by a presumption of reasonableness." State v. Pollard, 432 S.W.3d 851, 859 (Tenn. 2013).

In conducting its review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Bise, 380 S.W.3d at 697-98. The burden is on the appellant to demonstrate the impropriety of his

sentence.  See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1)  The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2)  The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should consider enhancement and mitigating factors, the statutory enhancement factors are advisory only.  See Tenn. Code Ann. § 40-35-114; see also Bise, 380 S.W.3d at 701; State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008).  Our supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion."  Carter, 254 S.W.3d at 345.  In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'"  Id. at 343.  "[A]ppellate courts are therefore left with a narrower set of circumstances in which they might find that a trial court has abused its discretion in setting the length of a defendant's sentence."  Id. at 345-46.  "[They are] bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act."  Id. at 346.

On appeal, the appellant acknowledges that the trial court correctly applied the enhancement factors, that the sentences imposed were within the appropriate statutory ranges, and that "the current state of Tennessee sentencing law favors upholding such within-range sentences."  We agree.  Nevertheless, the appellant implores this court to "reexamine its stance on this issue."  He argues that the trial court should have attributed more weight to mitigating factor (1), contending that "[f]undamental fairness should require that mitigating factors are exercised in the reduction of sentences to the same degree that enhancement factors are exercised in the increase of sentences."

This court has repeatedly held that a "'sentence is not determined by the mathematical process of adding the sum total of enhancing factors present then subtracting from this figure the mitigating factors present for a net number of years.'" State v. Alder, 71 S.W.3d 299, 306 (Tenn. Crim. App. 2001) (quoting State v. Boggs, 932 S.W.2d 467, 474 (Tenn. Crim. App. 1996)). Therefore, we conclude that "[t]he court did not err by refusing to mathematically offset the enhancing factors against the mitigators it found." State v. Paul Allen St. Clair, No. M2012-00578-CCA-R3-CD, 2013 WL 1611206, at *3 (Tenn. Crim. App. at Nashville, Apr. 16, 2013), perm. to appeal denied, (Tenn. 2013). Regardless, the weighing of mitigating and enhancing factors is left to the trial court's sound discretion. Carter, 254 S.W.3d at 345. Furthermore, we note that the 2005 amendments to the 1989 Sentencing Act "deleted as grounds for appeal a claim that the trial court did not weigh properly the enhancement and mitigating factors." Id. at 344. Accordingly, the appellant is not entitled to relief on this basis.

Finally, the appellant argues that the trial court erred by imposing consecutive sentencing. Tennessee Code Annotated section 40-35-115(b) contains the discretionary criteria for imposing consecutive sentencing. See also State v. Wilkerson, 905 S.W.2d 933, 936 (Tenn. 1995). Because the criteria for determining consecutive sentencing "are stated in the alternative[,] . . . only one need exist to support the appropriateness of consecutive sentencing." State v. Mickens, 123 S.W.3d 355, 394 (Tenn. Crim. App. 2003). In the instant case, the trial court found that the appellant was an offender whose record of criminal activity was extensive and that the appellant was sentenced for an offense committed while on probation. Tenn. Code Ann. § 40-35-115(b)(2), (6).

The appellant acknowledges that the trial court followed the applicable law and that, on appeal, its ruling is subject to review by this court for an abuse of discretion. Nevertheless, the appellant asks this court to "reevaluate" the issue of consecutive sentencing. The appellant contends that based on the nonviolent nature of the appellant's offenses, a fifteen-year sentence is more appropriate. We decline the appellant's request and conclude that the trial court did not abuse its discretion by imposing consecutive sentencing.

## III. Conclusion

In sum, we conclude that the trial court did not err in sentencing the appellant. Therefore, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE